IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLEVEN LEE PIGGEE                                                                                    PLAINTIFF

vs.                                              Civil No. 4:10-cv-04014

MICHAEL J. ASTRUE                                                                               DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Cleven Lee Piggee ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 3.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed an application for DIB on December 5, 2007.[2] (Tr. 92-96). Plaintiff alleged he was disabled due to bone spurs, arthritis, and surgery to his left foot. (Tr. 119). Plaintiff alleged on onset date of June 13, 2007. (Tr. 92). This application was denied initially and again on

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

[2] Based upon the transcript, it also appears Plaintiff filed an application for SSI on the same date. (Tr. 88-91). The ALJ, however, did not address this application in his opinion. (Tr. 11-20). It also does not appear this application was sent for a reconsideration. (Tr. 56-57). Thus, this Court will not address that application further.

reconsideration. (Tr. 56-57). Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 65-70). An administrative hearing was held on August 11, 2009 in San Antonio, Texas. (Tr. 21-55). Plaintiff was present and was represented by counsel, Charles D. Barnett, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Charles Dwight Turner testified at this hearing. *Id.* At the time of this hearing, Plaintiff was five-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d), and had obtained his high school diploma. (Tr. 25).

On October 20, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 11-20). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 13, 2007, his alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: bilateral hallux rigidus and hypertension. (Tr. 13-18, Finding 3). The ALJ also determined Plaintiff's impairments, either singularly or in combination, did not meet the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-18). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the
> claimant has the residual functional capacity to lift/carry 20 pounds occasionally and

>10 pounds frequently; walk/stand 4 hours in an 8-hour work day, needs a cane to walk, sit without limitation; and climb stairs/ramps with very little stooping, crouching, crawling, or kneeling.

(Tr. 15-18, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ determined Plaintiff had PRW as a plant supervisor which required "prolonged walking and/or standing." *Id.* Based upon his RFC, the ALJ determined Plaintiff would be unable to perform this PRW. *Id.* The ALJ also found, however, that considering his RFC, age, education, and work experience, Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr.19, Finding 10). The ALJ based this finding upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical person would be able to perform the requirements of representative occupations such as production clerk (semi-skilled) and timekeeping clerk (semi-skilled). *Id.* The VE testified those jobs "exist in the thousands in the regional economy and the tens of thousands to hundreds of thousands in the national economy." *Id.* Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from June 13, 2007 through the date of his decision or through October 20, 2009. (Tr. 19, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 4-7). *See* 20 C.F.R. § 404.968. On January 14, 2010, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On January 29, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 10, 2010. ECF No. 3. Both Parties have filed appeal briefs. ECF Nos. 6-7. This case is now ready for decision.

2. **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the following: (1) the ALJ's RFC determination, including his credibility determination, is not supported by substantial evidence in the record; (2) the ALJ's determination that he has transferrable skills is not supported by substantial evidence in the record; and (3) the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 6 at 1-6. Because this Court finds the ALJ improperly evaluated Plaintiff's subjective complaints, this Court will only address the first issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.³ *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

³ Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ focused almost entirely upon Plaintiff's medical records.[4] (Tr. 15-18). Further, instead of evaluating the *Polaski* factors and noting inconsistencies between the record and Plaintiff's testimony, the ALJ noted the following:

> Claimant's subjective complaints have been considered. Prior to the surgeries on his feet claimant alleged that he had to elevate his feet when sitting due to swelling (Exh. 2E; 3E). None of the medical reports noted swelling and claimant did not allege this problem at the hearing. It has been recommended that claimant have the fusion hardware from his left big toe to address his continued pain, but claimant has declined to have this done due to financial reasons even though he admits that his wife's insurance will pay for the surgery minus some deductions that will be his responsibility. (Claimant is receiving long term disability from work as well). If claimant is experiencing the severity of pain and limitations he alleges, it is expected that he would be willing to undergo a procedure that could possibly reduce that severity. Also, as noted above, claimant has stated that he could not perform past relevant work due to the prolonged standing required. The sedentary residual functional capacity established in this decision eliminates work requiring prolonged walking and standing. Claimant's complaints are credible only to the extent that they are consistent with the residual functional capacity noted above.

(Tr. 18).

Indeed, even in reviewing Plaintiff's medical records, the ALJ focused entirely upon Plaintiff's alleged foot impairment and did not even address his other alleged impairment of hypertension, which the ALJ also found was a severe impairment. (Tr. 13-15, Finding 3). Furthermore, it is important to note that Plaintiff stated during his testimony at the administrative hearing in this matter that he worked consistently for thirty-two (32) years at the same chicken plant prior to the onset of his alleged disability. (Tr. 28). The ALJ also should have considered this fact

---

[4] The ALJ also did not even specifically reference the *Polaski* factors which, although not required, is the preferred practice. *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007).

when evaluating Plaintiff's credibility.

Third and finally, the ALJ stated that he found Plaintiff's RFC was "sedentary" when he actually found Plaintiff retained the capacity to "walk/stand 4 hours in an 8-hour work day." (Tr. 15-18). Such a finding regarding Plaintiff's ability to walk and stand does not qualify as sedentary. *See* 20 C.F.R. § 416.967(a) (noting work only qualifies as sedentary "if walking and standing are required *occasionally*") (emphasis added). Thus, because the *Polaski* analysis was inadequate, this case must be reversed and remanded.[5]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of FEbruary, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[5] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.